**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-22-00298-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Bureau of Prisons, | |
| Defendant. | |

Pending before the Court are Plaintiff Jeremy Pinson's Motion to Amend Scheduling Order (Doc. 88), Plaintiff's Motion to Extend Deadline to Amend Complaint (Doc. 93), Defendant's Motion to Extend Time to Depose Plaintiff and Respond to Discovery Requests (Doc. 96), Plaintiff's Motion to File Late Reply to Defendant's Response to Plaintiff's Motion to Preserve Video (Doc. 106), and Plaintiff's Motion for Leave to File Late Reply to Defendant's Response to Motion to Amend Scheduling Order (Doc. 107).[1]

**I.      Background**

On June 29, 2022, Plaintiff—who was then confined in the United States Penitentiary in Tucson, Arizona ("USP-Tucson") and is now confined in USP-Allenwood (Doc. 104)—filed a pro se civil rights Complaint (Doc. 1), and an Application to Proceed In Forma Pauperis (Doc. 4). The Court granted the Application to Proceed and dismissed the Complaint on screening because Plaintiff had failed to state a claim. (Doc. 8.)

---

[1] Other pending motions will be resolved separately.

Plaintiff filed a First Amended Complaint (Doc. 10), which the Court dismissed because Plaintiff had again failed to state a claim (Doc. 13). Plaintiff then filed the operative Second Amended Complaint. (Doc. 14.) On May 19, 2023, the Court ordered Defendant Federal Bureau of Prisons ("BOP") to answer Counts One, Two, and Three of the Second Amended Complaint, and dismissed the remaining claims and defendants without prejudice. (Doc. 23).

The BOP filed a timely Answer on September 29, 2023. (Doc. 59; *see also* Doc. 55.)[2] On October 4, 2023, this Court issued a Scheduling Order setting a November 17, 2023 deadline for moving to join additional parties and amend pleadings; a December 22, 2023 deadline for deposing Plaintiff; and a March 4, 2024 deadline for completion of discovery. (Doc. 61.)

### I. Plaintiff's Motions to Extend Deadline to Move to Amend Pleadings/Join Additional Parties

On November 22, 2023,[3] Plaintiff filed a Motion to Amend Scheduling Order, seeking to extend the Scheduling Order's deadline for moving to join additional parties and amend pleadings. (Doc. 88). Plaintiff avers in the Motion that she has diligently conducted research and discovery in this case. (*Id.* at 2.) She further avers that, on November 13, 2023, prison officials confiscated a nearly completed draft motion to amend, as well as other legal materials, from her cell. (*Id.* at 2-3.) Plaintiff asks the Court to extend the deadline for moving to amend pleadings until 30 days after the BOP returns her legal documents. (*Id.* at 5.) In addition, Plaintiff asks the Court to order the BOP to return the documents taken from her cell and to preserve camera footage showing the staff members who entered and exited her cell on November 13, 2023. (*Id.* at 4-5.)

Defendant filed a Response averring that BOP staff conducted mass searches of

---

[2] The Court extended Defendant's deadline for answering or otherwise responding to the Second Amended Complaint pending resolution of a motion Plaintiff had filed seeking leave to file a third amended complaint. (Doc. 49; *see also* Doc. 36.) Plaintiff later withdrew her motion to file a third amended complaint. (Doc. 50.)

[3] Plaintiff certifies that she mailed the Motion to Amend Scheduling Order on November 15, 2023, prior to expiration of the deadline for moving to join additional parties and amend pleadings. (Doc. 88 at 6.)

cells in the Special Housing Unit ("SHU") of USP-Tucson, including Plaintiff's cell, on November 13, 2023, but that BOP's records indicate nothing was confiscated from Plaintiff's cell. (Doc. 94 at 1-2.)[4] Defendant argues that it would be overly burdensome to require preservation of video footage from November 13, 2023, as the security cameras do not record activity occurring within any particular cell. (*Id.* at 2.) Defendant further argues that Plaintiff's Motion does not explain the reasons why she seeks to amend her complaint or the additional parties she seeks to bring into this lawsuit, and that it would be unduly prejudicial to extend the deadline to amend given the schedule in this case. (*Id.* at 1-2.)

In a Motion dated January 9, 2024, Plaintiff moves to extend her deadline for filing a reply in support of her Motion to Amend Scheduling Order[5] and argues that: (1) under the prison mailbox rule, she timely filed her Motion to Amend Scheduling Order; (2) she could not have filed the Motion to Amend Scheduling Order earlier because she did not receive documentary proof supporting an amended complaint until she received discovery responses from Defendant on November 15, 2023; (3) she will address the reasons she seeks to amend her complaint and the additional parties she seeks to join once her motion to amend complaint is filed; and (4) the Motion to Amend Scheduling Order should be granted considering her transfer to USP-Allenwood and the fact that she has not been reunited with her legal files or papers. (Doc. 107.)

Although Plaintiff does not address in her Motion to Amend Scheduling Order or Reply thereto the reasons she seeks to amend her complaint and join additional parties, on December 8, 2023, Plaintiff filed a Motion to Extend Deadline to Amend Complaint, which purports to expand on her previously filed Motion, and which requests an extension of the deadline for joining additional parties and amending pleadings until 28 days after completion of Plaintiff's exhaustion of statutory discrimination claims, which Plaintiff anticipates will occur in April 2024. (Doc. 93.)

---

[4] In support of this averment, Defendant attaches a declaration from Legal Assistant Lorri Mitchell. (Doc. 94-1.)
[5] Plaintiff avers that she did not receive a copy of Defendant's Response until January 9, 2024, following her transfer to USP-Allenwood. (Doc. 107 at 1.)

As an initial matter, the Court warns Plaintiff that it is improper to file multiple motions requesting the same or overlapping relief. The practice makes it burdensome for Defendant to respond and for this Court to resolve Plaintiff's requests.[6]

The Court declines to extend the deadline for moving to join additional parties and amend pleadings until 28 days after Plaintiff's April 2024 exhaustion of statutory discrimination claims, as such a lengthy extension would significantly impact the schedule in this case, and Plaintiff has not explained why the discrimination claims must be raised in this case instead of in a new case. Accordingly, the Court will deny Plaintiff's December 8, 2023 Motion for Extension of Time to Amend Complaint.

Plaintiff's November 22, 2023 Motion to Amend Scheduling Order requests an extension of the deadline for moving to join additional parties and amend pleadings until 30 days after Plaintiff receives the draft motion to amend and amended pleading that she alleges was taken from her cell on November 13, 2023. For purposes of resolving Plaintiff's Motion, the Court assumes that the draft motion to amend and amended pleading were taken from Plaintiff's cell and are not recoverable.[7] The Court will grant a 30-day extension of the deadline for moving to join additional parties or amend pleadings. The Court expresses no view on the merits of any motion to amend.

. . . .

. . . .

---

[6] For example, it is unclear from Plaintiff's Motions whether the anticipated proposed amended complaint discussed in Plaintiff's December 8, 2023 Motion to Extend Deadline to Amend Complaint involves the same claims at issue in the draft motion to amend and amended complaint that Plaintiff discusses in her November 22, 2023 Motion to Amend Scheduling Order.

[7] The Court will separately resolve Plaintiff's pending requests to preserve video evidence. (Docs. 79, 89.) To the extent Plaintiff requests in her Motion to Amend Scheduling Order the preservation of video evidence in order to support her request for extension of the deadline for moving to join parties and amend pleadings, the Court denies the request as moot, given that the Court has assumed for purposes of the Motion that Plaintiff's draft motion to amend and amended complaint were taken from her cell on November 13, 2023. To the extent Plaintiff alleges the video evidence may be relevant to a future retaliation claim, the Court notes that "[a] duty to preserve information arises when a party knows or should know that the information is relevant to pending or future litigation." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). The failure to preserve information once the duty has been triggered "raises the issue of spoliation of evidence and its consequences." *Id.* at 1104.

## II. Defendant's Motion to Extend Deadline to Depose Plaintiff and Respond to Discovery Requests

On December 18, 2023, Defendant filed a Motion for Extension of Time to Depose Plaintiff and Respond to Discovery Requests, seeking a 30-day extension of time to depose Plaintiff and serve its responses to Plaintiff's discovery requests, given Plaintiff's transfer from USP-Tucson, the holiday season, and understaffing at defense counsel's office. (Doc. 96.) Plaintiff filed a Response, arguing that Defendant knew of her imminent transfer but waited until four days prior to the deadlines at issue in order to move for an extension; that neither the holiday season nor understaffing at defense counsel's office justify a 30-day extension of time; and that BOP regulations require that her mail be forwarded to her instead of returned to the sender as undeliverable while she is in transit. (Doc. 101.) Plaintiff asks the Court to order the BOP to show cause why it should not be held in contempt for violating this Court's warnings on late-sought extensions and lying regarding whether Plaintiff's transfer was imminent and whether Plaintiff would have access to her legal files during the transfer. (*Id.* at 3-4.) Defendant filed a Reply, averring that it served its discovery responses by the original December 22, 2023 deadline and was able to coordinate the logistics of Plaintiff's deposition following Plaintiff's transfer to USP-Allenwood. (Doc. 105.) Defendant noticed Plaintiff's deposition for January 22, 2024. (Doc. 102.)

The Court finds that Plaintiff's transfer to USP-Allenwood establishes good cause for the short extension sought by Defendant. The Court will deny as moot Defendant's request to extend its discovery response deadline, as Defendant avers it served its discovery responses by the original deadline. The Court will grant, *nunc pro tunc*, Defendant's request to extend the deadline for deposing Plaintiff.

## III. Plaintiff's Motion to File Late Reply

On January 16, 2024, Plaintiff filed a Motion to File Late Reply to Defendant's Response to Plaintiff's Motion to Preserve Video. (Doc. 106.) Plaintiff certifies that she mailed the Motion to File Late Reply on January 8, 2024, the same day that she received

- 5 -

a copy of Defendant's Response following her transfer to USP-Allenwood. (*Id.*) The Court will grant Plaintiff's Motion and consider the arguments in her Reply when resolving her Motion to Preserve Video.

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Scheduling Order (Doc. 88) is **granted**, as set forth below.

2. Plaintiff's Motion to Extend Deadline to Amend Complaint (Doc. 93) is **denied** to the extent it asks that the deadline for moving to join additional parties or amend pleadings be extended until 28 days after Plaintiff exhausts the discrimination claims discussed therein.

3. Defendant's Motion to Extend Time to Depose Plaintiff and Respond to Discovery Requests (Doc. 96) is **partially granted and partially denied as moo**t. The Motion is denied as moot to the extent it requests an extension of Defendant's deadline for responding to Plaintiff's discovery requests. The Motion is granted, *nunc pro tunc*, to the extent it requests an extension of the deadline for deposing Plaintiff.

4. Plaintiff's Motion to File Late Reply to Defendant's Response to Plaintiff's Motion to Preserve Video (Doc. 106) is **granted** to the extent that the Court will consider the arguments raised therein when resolving Plaintiff's Motion to Preserve Video.

5. Plaintiff's Motion for Leave to File Late Reply to Defendant's Response to Motion to Amend Scheduling Order (Doc. 107) is **granted** to the extent that the Court has considered the arguments raised therein in resolving Plaintiff's Motion to Amend Scheduling Order.

**IT IS FURTHER ORDERED** that the Court's Scheduling Order (Doc. 61) is **modified as follows**:

1. The deadline for moving to amend pleadings or join additional parties is extended, *nunc pro tunc*, to **February 29, 2024**.

2. The deadline for deposing Plaintiff is extended, *nunc pro tunc*, to **January 23, 2024**.

3. The parties shall disclose a witness list on or before **March 8, 2024**.

4. All discovery, including depositions of parties (other than the plaintiff), witnesses, and experts, shall be completed by **April 8, 2024**.

5. Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **May 8, 2024**.

6. All other provisions of the Scheduling Order remain in full force and effect.

Dated this 31st day of January, 2024.

_____
Honorable Rosemary Márquez
United States District Judge