United States District Court
District of Arizona

Jeremy Pinson,
Plaintiff,

v.

Michael Carvajal, et al.
Defendants

No. 22-CV-00298-RM

Motion For Protective Order For Access To Witnesses
And For Appointment of Counsel

Comes now the pro se plaintiff seeking a protective order and appointment of counsel under the provisions of Fed.R.Civ.P. 26(c) and 28 U.S.C. 1915(e)(1) respectively.

## I. Relevant Facts

Plaintiff's Second Amended Complaint ("SAC")(Doc. 14) alleges, in pertinent part, deliberate indifference to the safety of plaintiff who is a transgender victim of the repeated physical and sexual abuse of inmates and staff in BOP custody which she alleges existed at USP Tucson and systemwide. (id.).

To support her factual allegations made in the SAC, plaintiff has requested permission pursuant to 28 C.F.R. 540.17 to - for purposes of this motion- obtain testimony from inmates Eimer Moreno and Shane Culley which were denied. (Pinson Decl. at 4); to obtain the

Page 1 of 7

testimony of Rhonda Fleming, which was granted until staff read plaintiff's letter to Fleming at which point BOP reversed itself and denied correspondence privileges by revoking the memo granting authorization. (Pinson Decl. at 7, Att. E); and in the case of inmates Juan Vargas and Bruce Altenburger, BOP has written a memo authorizing correspondence, which correctional officers in the Secure Administrative Unit refuse to honor or alternatively claim to be unable to authenticate which effectively turns the approval into a denial. (Id. at 5; Att. C, D).

BOP faces class-action allegations of deliberate indifference to female and transgender victims of sexual abuse, and for retaliating against victims. (Ex. 2, CCWP v. United States - Complaint, Excerpt). The plaintiff's First Amendment retaliation and FTCA claims proceed seperately in Case No. 23-CV-00442-RM, (Ex. 3).

## II. Legal Standards

In Dockery v. Hall, 443 F. Supp. 3d 726 (S.D. Miss. 2019) plaintiff's established that a court may, pursuant to Fed. R. Civ. P. 26(c) Protective Order, "protect witnesses from violence, intimidation and retaliation" or actions that reasonably could cause "the court's fact-finding" to be "materially impaired unless there is provided the tangible protection of a suitable court order" to secure their testimony. See

also: Ben-David v. Travisono, 495 F.2d 562,564 (1st Cir. 1974).

Fed. R. Civ. P. 26(c) allows "the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and may alternatively appoint counsel to an indigent prisoner where "exceptional circumstances" exist. See: Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [Plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

### III. Arguments

**A. A Protective Order Is Warranted To Prevent Undue Burden, Expense and Annoyance**

The Bureau of Prisons is actively interfering with access to witnesses seeking to testify about how BOP staff at USP Tucson, USP Coleman #2, USP Allenwood, and FCI Dublin perpetuated sexual abuse and retaliation. (Pinson Decl. at 1-7). This is evident both from the statements of staff members involved and the revocation of correspondence privileges with Rhonda Fleming upon plaintiff requesting a declaration about BOP deputy Regional Director Thomas Hinkle who in 2022 (1) told plaintiff that if she did not dismiss Case No. 19-cv-00422-RM before the bench trial on whether

staff violated PREA, and (2) as Warden of FCI Dublin in 2022 intimidated sexual abuse victims to drop their claims against BOP (See Ex. 2) which Fleming witnessed. (Pinson Decl. at 7).

Similarly, more than 30-days after plaintiff's request to obtain testimony from Moreno, and Culley the BOP denied her request once staff questioned her about the substance of their testimony. (id. at 4; Att. A, B).

BOP has approved witnesses not expected to testify about staff sexual abuse (id. at F) but on 5-28-24 blocked declarations from two inmates who had written declarations describing staff sexual abuse and harrassment as well as post-reporting retaliation even though both inmates were approved to supply the declarations. (id. at 5; and, Att. C, and D).

BOP is specifically obstructing the plaintiff from such testimony that supports the allegation of systemwide sexual abuse, harrassment, and retaliation against victims which prevents her from presenting such testimony to oppose such matters as summary judgment or fact denials at trial. This undue burden directly impairs "the Court's fact-finding" which immediately warrants a Protective Order. Dockery, 443 F.Supp.3d at 734; Ben David, 495 F.2d at 564; Adams v. Naphcare, Inc. No. 16-CV-229, 2016 WL 10492102, at *9-10 (E.D. Va. July 25, 2016); Disability Rights N.J. Inc. v. Velez, No. 10-CV-3950, 2011 WL 2937355, at *4-5 (D.N.J. July 19, 2011). This Court granted identical relief in Pinson v. U.S. Dept. of Justice et al., No. 19-CV-00235-RM at Doc. 67 (D.Ariz.).

### B. Alternatively BOP's Denial of Access to Witnesses Is Grounds to Appoint Counsel

The plaintiff warned BOP well in advance of his attack that Tyrone Brown was a threat to her safety and so did other inmates.

On Sept. 14, 2022 Brown attacked Pinson and the other inmates (id. at 9) and on Sept. 30, 2022 this Court denied summary judgment in an FTCA action where a central issue was whether staff followed PREA Regulations. (see: Doc. 117 in Case No. 19-cv-00422-RM).

2 BOP officials played key roles in the intimidation of plaintiff and her witnesses to drop any claims under PREA in BOP, and in Court: Warden Mark Gutierrez and deputy Regional Director Thomas Ray Hinckle. (Pinson Decl. at 7).

This is not the only case against BOP involving Hinckle or the behavior he and Gutierrez exhibited. (Ex. 2). Just like the inmates in California Coalition (Ex. 2) plaintiff's PREA Complaints before she was attacked on 9-14-22 (Ex.1, Att. G, and H - Emails) resulted in her living in SHU, and now in solitary confinement, as a result of retaliation by BOP. If one compares the 2 cases there are striking similarities that support a likelihood of success on the merits. Terrell, 935 F.2d at 1017.

The core argument presented here, is that plaintiff's ability "to articulate [her] claims pro se" in light of BOP's efforts to deny her effort to collect the testimony of inmates willing to testify that they too were not protected from sexual abuse, including by BOP, staff, at multiple

facilities including USP's Tucson and Allenwood, as well as the fact they faced severe retaliation when they tried to report the abuse, warrants appointment of counsel as an alternative to a Protective Order. Terrell, 935 F.2d at 1017. Particularly if the Court assesses the complexity of Exhibit 2 which clearly illustrates the serious challenges involved in cases of this nature.

## Conclusion

Wherefore, plaintiff seeks an Order granting:

1. A Protective Order requiring BOP to allow plaintiff to collect inmate declarations from Elmer Moreno, Shane Culley, Rhonda Fleming, Juan Vargas and Bruce Altenburger and forbidding and BOP staff member from interfering or interrupting that collection; and/or

2. Appoint an attorney to represent plaintiff;

*Jeremy Pinson*
Plaintiff - Pro Se

## Certificate of Service

I certify service of a copy of this Motion upon AUSA Letzkus, via U.S. Mail - postage prepaid - on 5-29-24 by hand-delivering to Unit Mgr. Stackhouse for mailing to her, and the original to the Court. I declare this is true under penalty of perjury, 28 U.S.C. 1746.

Jeremy Pinson