IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Prisons,<br><br>    Defendant. | No. CV-22-00298-TUC-RM<br><br>**ORDER** |

  Plaintiff Jeremy Pinson, who was formerly confined in the United States Penitentiary in Tucson, Arizona ("USP-Tucson") and is now confined in USP-Allenwood in Pennsylvania, sues the Federal Bureau of Prisons ("BOP") for injunctive relief under 28 U.S.C. § 1331. (Doc. 14; *see also* Doc. 23.) On screening Plaintiff's operative Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § 1915A(a), the Court ordered the BOP to answer Counts One, Two, and Three, and dismissed the remaining claim and defendants without prejudice. (Doc. 23.) In Counts One and Three, Plaintiff asserts Eighth Amendment claims for inadequate healthcare and failure to protect, and in Count Two, she[1] alleges a Fifth Amendment Equal Protection claim. (Doc. 14.)

  Pending before the Court are Plaintiff's Renewed Motion to Appoint Counsel re: Discovery (Doc. 111), Motion for Telephonic Conference Regarding Discovery (Doc. 121), Motion to Expedite Discovery and Evidentiary Hearing on Preliminary Injunction (Doc. 130), Motion to Allow Witness Correspondence and/or Appoint Counsel (Doc.

---

[1] Plaintiff is transgender and uses female pronouns.

162), and Motion for Protective Order and to Appoint Counsel (Doc. 181).[2]

## I. Appointment of Counsel

Plaintiff requests the appointment of pro bono counsel, arguing that she has demonstrated a likelihood of success on the merits and that she has experienced difficulty conducting discovery while prosecuting this action pro se. (Docs. 111, 130, 162, 181.) Plaintiff also seeks a telephonic conference regarding discovery disputes (Doc. 121) and a preliminary injunction hearing (Doc. 130). In the alternative to the appointment of counsel, Plaintiff seeks a Court Order allowing her to correspond with inmate witnesses. (Docs. 162, 181.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issue involved. *Id.*

Plaintiff has sufficiently established a likelihood of success on the merits of her claims. Plaintiff is an experienced and adept pro se litigator; however, the legal issues in this case are complex, and Plaintiff's ability to conduct discovery is constrained by her pro se status and incarceration. Given the legal issues involved in this case, the Court finds exceptional circumstances justifying the appointment of counsel. The Court will appoint attorneys Lisa Bivens and Larry Wulkan of the law firm Zwillinger Wulkan as pro bono counsel for Plaintiff.

In light of the appointment of pro bono counsel, the Court will deny without prejudice Plaintiff's Motion for a Telephonic Conference and will deny as moot her

---

[2] Other pending motions will be resolved separately.

1 requests for an Order allowing witness correspondence. Counsel for Plaintiff and Defendant shall meet and confer in an attempt to resolve or narrow any discovery disputes. If any discovery disputes remain after good-faith personal consultation, either party may file a discovery dispute motion.

Given the appointment of counsel and the parties' discovery disputes, as well as the pendency of Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 117), the Court will sua sponte grant an extension of the discovery deadline and the other remaining case management deadlines.

The Court will deny as duplicative Plaintiff's request for an evidentiary hearing. The Court previously declined to hold an evidentiary hearing on the requests for preliminary injunctive relief resolved in the Court's February 13, 2024 Order, and the Court took under advisement Plaintiff's request for an evidentiary hearing on the preliminary injunctive relief requests that remain pending. (*See* Doc. 115 at 10 n.9.)

**IT IS ORDERED** that Plaintiff's Motions (Docs. 111, 130, 162, 181) are **partially granted** to the extent they request the appointment of pro bono counsel. Lisa Bivens and Larry Wulkan of the law firm Zwillinger Wulkan are hereby appointed in the above-captioned matter as pro bono counsel for Plaintiff Jeremy Pinson. Counsel shall file a notice of appearance within **five (5) business days** of the date this Order is filed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Telephonic Conference (Doc. 121) is **denied without prejudice**. Counsel for Plaintiff and Defendant shall meet and confer in a good-faith attempt to resolve or narrow any discovery disputes before re-filing any discovery dispute motion.

**IT IS FURTHER ORDERED** that Plaintiff's requests for an Order allowing witness correspondence (Docs. 162, 181) are **denied as moot**, given the appointment of counsel.

**IT IS FURTHER ORDERED** that Plaintiff's request for an evidentiary hearing (Doc. 130) is **denied as duplicative**.

. . . .

**IT IS FURTHER ORDERED** that the Court's Scheduling Order (Doc. 61; *see also* Doc. 171) is **revised** as follows:

1. Section 6(c) on page 3, lines 15-23 is hereby **withdrawn and replaced** with the following:

    > In the event of a dispute over discovery matters, the parties must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously.  *See* LRCiv 7.2(j).  Any discovery motion must specify the results of the parties' personal consultation and the matter(s) remaining in dispute, and must be accompanied by a certification that the parties were unable to satisfactorily resolve the matter after sincere efforts at personal consultation.  Absent extraordinary circumstances, the Court will not entertain discovery disputes after the deadline for completion of discovery.  Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

2. All discovery, including depositions of parties, witnesses, and experts, shall be completed by **September 16, 2024**.

3. Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **October 7, 2024**.  Responses to dispositive motions shall be filed on or before **November 7, 2024**.  Replies are due on or before **November 22, 2024**.

4. A Joint Proposed Pretrial Order shall be filed within **thirty (30) days** of resolution of dispositive motions filed after the close of discovery or, if no such motions are filed, on or before **November 22, 2024**.

. . . .

. . . .

. . . .

. . . .

. . . .

5. All other provisions of the Court's original Scheduling Order (Doc. 61) remain in full force and effect.

Dated this 17th day of July, 2024.

_____
Honorable Rosemary Márquez
United States District Judge