**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Federal Bureau of Prisons,<br><br>　　　　Defendant. | No. CV-22-00298-TUC-RM<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Leave to Amend/Join Parties (Doc. 117), Motion to Declare Response a Rule 12(e) Motion (Doc. 161), and Motion for Leave to File Motion to Compel (Doc. 191).[1]

### I.   Proposed Third Amended Complaint

Plaintiff seeks leave to file a proposed Third Amended Complaint ("TAC") that reasserts her Eighth and Fifth Amendment claims in Counts One through Three and adds in Count Four a claim for violations of 42 U.S.C. §§ 1985 and 1986. (Doc. 117; *see also* Doc. 117-1). In the proposed Count Four, Plaintiff seeks $5,000,000.00 in damages and names as defendants Mark Gutierrez, Muhammad Zantout, Linda Geter, Ashley Noble, Alison Leukefeld, Karl Leukefeld, Timethea Pullen, Brandi Reynolds, Jeffrey Burkett, Donald Lewis, Shannon Robbins, and J. Felix. (Doc. 117-1 at 2-5, 23.)[2] Plaintiff alleges that on or about October 5, 2022, Gutierrez and non-party SIS Lieutenant Christensen

---

[1] Other pending motions will be resolved separately.
[2] All record citations refer to the page numbers generated by the Court's electronic filing system.

threatened Plaintiff with transfer and prolonged housing in segregation if she did not withdraw her lawsuits against prison staff. (*Id.* at 16-17.) Gutierrez and Christensen also threatened "several witnesses who testified, via Declaration, in several of [Plaintiff's] cases before this Court." (*Id.* at 17.) Plaintiff declined to drop any of her lawsuits. (*Id.*) Gutierrez, Zantout, and Felix then conspired to author—and submit to Geter, Noble, Alison Leukefeld, Karl Leukefeld, Pullen, Reynolds, Burkett, Lewis, and Robbins—a transfer request that resulted in Plaintiff's placement in the Secure Administrative Unit ("SAU") at USP-Allenwood, where she has been subjected to daily death threats and sexual harassment. (Doc. 117-1 at 9, 17-19.) The transfer request falsely stated that Plaintiff was involved with illicit activities, was conspiring to deal drugs and pimp transgender inmates, was "attempting to recruit other inmates to make false allegations against BOP staff regarding the treatment of transgender inmates," and was "using her status as a transgender inmate to her benefit by filing false PREA allegations to remove any inmate she has issues with." (*Id.* at 17-18.) Gutierrez submitted the false statements to Geter, despite knowing that it was a serious offense to create BOP documents containing false statements, "particularly for a malicious purpose such as retaliation." (*Id.* at 18.)

In mid-2023, Noble visited Plaintiff at USP-Tucson, and Plaintiff told Noble that Gutierrez, Zantout, Felix, and non-defendant Christensen had threatened her with retaliation if she didn't agree to drop pending civil claims. (*Id.* at 22.) Plaintiff also utilized electronic requests to staff to alert Noble, Pullen, Robbins, Reynolds, Burkett, Lewis, and both Leukefelds "to Gutierrez, Zantout, and other misconduct at USP Tucson in great detail as well as the threatened retaliation." (*Id.*)

**II.   Legal Standard**

With the exception of amendments made as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should freely be given "when justice so requires." *Id.* In determining whether to grant leave to amend, courts consider the following factors:

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility alone may justify refusing to grant leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The test for determining futility is the same as the test for determining whether a pleading survives a motion to dismiss under Rule 12(b)(6). *White v. Relay Res.*, No. C19-0284-JCC, 2019 WL 5677541, at *1 (W.D. Wash. Oct. 31, 2019). Under that test, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the complaint's factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion thereof if a plaintiff has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

**III.     Discussion**

In opposition to Plaintiff's Motion to Amend, Defendant argues that Plaintiff's proposed TAC does not comply with Federal Rules of Civil Procedure 18(a) and 20(a)(2) because Plaintiff's proposed claims under 42 U.S.C. §§ 1985 and 1986 do not arise from the same nucleus of facts as Plaintiff's existing claims. (Doc. 135 at 7-8.) Defendant also argues that Plaintiff's proposed amendment would be futile because Plaintiff fails to state a claim on which relief can be granted under 42 U.S.C. §§ 1985 and 1986. (*Id.* at 3-7.) Defendant does not argue that any other factor, such as prejudice or undue delay, supports denying leave to amend.

### A. Joinder

Federal Rule of Civil Procedure 20(a)(2)(B) provides that defendants may be joined in one action if "any question of law or fact common to all defendants will arise in the action." Questions of fact regarding the Transgender Executive Council's ("TEC") decision to transfer Plaintiff to USP-Allenwood instead of transitioning her to a female facility are at issue with respect to the existing claims in this case and with respect to Count Four of the proposed TAC. Accordingly, the Court finds that Plaintiff's proposed TAC complies with Rule 20(a)(2)(B).

### B. Section 1985(3) Conspiracy

Section 1985 of Title 42 of the United States Code prohibits several types of conspiracies. In relevant part, Section 1985(2) prohibits conspiracies to intimidate parties or witnesses from attending or testifying in federal court, and Section 1985(3) prohibits conspiracies to deprive any person or class of persons "of the equal protection of the laws, or of equal privileges and immunities under the laws." A party injured by an act taken in furtherance of a conspiracy prohibited by 42 U.S.C. § 1985 may recover damages against any one or more of the conspirators. 42 U.S.C. § 1985(3). To establish a conspiracy, a plaintiff must show "an agreement or meeting of the minds[.]" *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). Conclusory allegations of a conspiracy "without factual specificity" are insufficient to state a § 1985 claim. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

The factual allegations of Plaintiff's proposed TAC are insufficient to show the existence of a § 1985(3) conspiracy. Plaintiff alleges that Gutierrez, Felix, and Zantout authored and submitted a transfer request that resulted in Plaintiff's placement in the SAU at USP-Allenwood, and that they wrote in the transfer request that Plaintiff "was 'using her status as a transgender inmate' in false and malicious contexts to secure her transfer." (Doc. 117-1 at 9.) Plaintiff further alleges that Gutierrez knew the transfer request contained false statements and nevertheless submitted the request to Geter. (*Id.* at

1 17-18.) However, Plaintiff does not allege that Felix, Zantout, Geter, or any individual
2 other than Gutierrez knew that the transfer request contained false statements.
3 Accordingly, Plaintiff has failed to allege sufficient facts to show the existence of a
4 conspiracy to submit a transfer request containing false statements.

5 Furthermore, to state a § 1985(3) conspiracy, a plaintiff must not only allege a
6 conspiracy to deprive her of the equal protection of the laws and injury as a result of an
7 action taken in furtherance of the conspiracy; the plaintiff must also allege "invidiously
8 discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403
9 U.S. 88, 102 (1971). Such discriminatory animus must be based on race, *id.*, or some
10 other suspect or quasi-suspect class, *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536
11 (9th Cir. 1992). "[A] group of individuals who share a desire to engage in conduct that
12 the § 1985(3) defendant disfavors" does not constitute a protected class for purposes of
13 the statute. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993).

14 Assuming, without deciding, that § 1985(3) extends to discriminatory animus
15 against transgender individuals, Plaintiff's proposed TAC nevertheless does not
16 sufficiently allege discriminatory animus. Plaintiff alleges that Gutierrez stated Plaintiff
17 was attempting to recruit other inmates to make false allegations against BOP staff
18 "regarding the treatment of transgender inmates," and was "using her status as a
19 transgender inmate to her benefit by filing false PREA allegations to remove any inmate
20 she has issues with." (Doc. 117-1 at 17-18.) But the factual allegations of the TAC make
21 clear that Gutierrez's purpose was not discriminatory animus against Plaintiff for being
22 transgender, but, rather, retaliation against Plaintiff for her litigation and her allegations
23 against prison staff. Because § 1985(3) claims cannot be grounded "on classes defined
24 by the conduct the defendants oppose," these factual allegations fail to state a claim under
25 § 1985(3). *Dean v. Warren*, 12 F.4th 1248, 1263 (11th Cir. 2021) (citing *Bray*, 506 U.S.
26 at 269).

27 . . . .

28 . . . .

### C. Section 1985(2) Conspiracy

To state a claim based on retaliation under § 1985(2), "a plaintiff must prove four elements: (1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993). Plaintiff alleges that Gutierrez and non-party SIS Lieutenant Christensen threatened her with prolonged housing in segregation and transfer if she did not withdraw her lawsuits before this Court, and that they made similar threats to several inmates who submitted witness declarations in her cases. (Doc. 117-1 at 16-17.) Liberally construed, Plaintiff alleges that Gutierrez engaged in a § 1985(2) conspiracy.

Defendant argues that Plaintiff fails to allege injury for purposes of a § 1985 claim because she alleges only that she was transferred from one high-security male prison to another, and inmates do not have a liberty interest in being housed at a particular prison. However, a plaintiff need not allege an injury to a constitutionally protected interest to state a claim for damages under § 1985(2). *Haddle v. Garrison*, 525 U.S. 121, 125-26 (1998). Furthermore, liberally construed, the proposed TAC alleges that Gutierrez, in furtherance of the § 1985(2) conspiracy, secured Plaintiff's prolonged confinement in restrictive, segregated housing where she experiences death threats and pervasive sexual harassment. Such allegations may implicate a due process injury. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (government may, under certain circumstances, create due-process protected liberty interest in freedom from restraint which "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life").

### D. Section 1986[3]

Section 1986 provides for the liability of individuals who neglect or refuse to prevent a § 1985 conspiracy despite having knowledge of the conspiracy and the power

---

[3] In her Reply in support of her Motion to Amend, Plaintiff clarifies that her proposed TAC asserts only § 1986 claims against Defendants Noble, Pullen, Robbins, Reynolds, Burkett, Lewis, Alison Leukefeld, and Karl Keukefeld. (Doc. 155 at 6.)

to prevent it. 42 U.S.C. § 1986. "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985"). Because Plaintiff's proposed TAC fails to plead facts supporting the elements of a § 1985(3) conspiracy, it also necessarily fails to state a claim under § 1986 for failing to prevent a § 1985(3) conspiracy. *See Karim-Panahi*, 839 F.2d at 626.

With respect to a failure to prevent a § 1985(2) conspiracy, Plaintiff alleges that she told Defendant Noble that Gutierrez, Zantout, Felix, and non-party Christensen had "threatened her with retaliation if she didn't agree to drop her pending civil claims" in cases that went to trial in Fall 2023. (Doc. 117-1 at 22.) Plaintiff also alleges that she utilized electronic requests to staff to notify Noble, Pullen, Robbins, Reynolds, Burkett, Lewis, and both Leukefelds "to alert them to Gutierrez, Zantout and other misconduct at USP Tucson in great detail as well as the threatened retaliation." (*Id.*) Plaintiff sufficiently alleges that she notified Noble of a § 1985(2) conspiracy to retaliate against her because of her litigation before this Court, and that Noble failed to prevent the conspiracy despite having the power to do so. However, Plaintiff's allegations that she notified Pullen, Robbins, Reynolds, Burkett, Lewis, and both Leukefelds of misconduct and retaliation by Gutierrez and Zantout are too general to state a claim under 42 U.S.C. § 1986. Plaintiff does not allege that she notified these defendants that Gutierrez and Zantout were retaliating against her because of her litigation, nor does she provide any specific information about what she reported to these defendants.

### E. Conclusion

Plaintiff's proposed Third Amended Complaint sufficiently states a claim under 42 U.S.C. § 1985(2) against Defendant Gutierrez and a claim under 42 U.S.C. § 1986 against Defendant Noble. The Court therefore does not find that Plaintiff's Motion to Amend should be denied on grounds of futility. However, the proposed Third Amended

Complaint fails to state claims under 42 U.S.C. §§ 1985 and 1986 against any of the other proposed new defendants. Accordingly, on screening under 28 U.S.C. § 1915A(a), the Court will dismiss Defendants Zantout, Geter, Alison Leukefeld, Karl Leukfeld, Pullen, Reynolds, Burkett, Lewis, Robbins, and Felix.

### IV.     Motion to Declare Response a Rule 12(e) Motion

Plaintiff asks the Court to construe Defendant's Response to her Motion to Amend as a motion for more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 161.) Plaintiff argues that, because Defendant's Response argues that Plaintiff's Motion to Amend should be denied on grounds of futility, the Response is actually a disguised motion to dismiss under Rule 12(b)(6) or motion for more definite statement under Rule 12(e). (*Id.*)

The Court finds nothing improper in Defendant's argument that leave to amend should be denied on the grounds that Plaintiff's proposed amendment would be futile, nor does the Court find any reason to construe Defendant's Response as a motion under Rule 12(b)(6) or Rule 12(e). Accordingly, Plaintiff's Motion will be denied.

### V.     Motion for Leave to File Motion to Compel

Plaintiff seeks leave to file a motion to compel regarding Defendants' failure to produce certain discovery requested by Plaintiff. (Doc. 191.) After Plaintiff filed the Motion for Leave to File Motion to Compel, this Court appointed counsel for Plaintiff; directed counsel for Plaintiff and Defendant to meet and confer in an attempt to resolve or narrow any discovery disputes; and withdrew the provision in its Scheduling Order requiring leave of Court to file discovery dispute motions. (Doc. 202.)

Because the Court has withdrawn its requirement that leave of Court be obtained prior to the filing of a discovery dispute motion, and because the Court's resolution of Plaintiff's Motion for Leave to Amend/Join Parties may affect the relevance of certain discovery requests, Plaintiff's Motion for Leave to File Motion to Compel will be denied as moot. Defendant is directed to review its discovery responses to determine whether any amendments are necessary, and the parties are directed to continue to meet and

confer to eliminate or narrow any remaining discovery disputes. Either party may file a discovery dispute motion if any discovery disputes remain after good-faith personal consultation.

**IT IS ORDERED**:

1. Plaintiff's Motion for Leave to Amend/Join Parties (Doc. 117) is **granted**. The Clerk of Court is directed to re-file Document 117-1 as Plaintiff's Third Amended Complaint.

2. Defendant Gutierrez must answer the 42 U.S.C. § 1985(2) claim asserted in Count Four of Plaintiff's Third Amended Complaint. Defendant Noble must answer the 42 U.S.C. § 1986 claim asserted in Count Four. Defendant Federal Bureau of Prisons must answer the re-asserted Counts One through Three of the Third Amended Complaint. Any answer or response must state the specific defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific defendant by name on whose behalf it is filed.

3. The claim under 42 U.S.C. § 1985(3) asserted in Count Four of the Third Amended Complaint, as well as Defendants Zantout, Geter, Alison Leukefeld, Karl Leukfeld, Pullen, Reynolds, Burkett, Lewis, Robbins, and Felix, are hereby **dismissed without prejudice**.

4. Within **ten (10) days** of the date this Order is filed, Plaintiff shall file a notice indicating whether she intends to utilize the United States Marshal's Service for completion of service of process with respect to Defendants Gutierrez and Noble.

5. Plaintiff's Motion to Declare Response a Rule 12(e) Motion (Doc. 161) is **denied**.

. . . .

. . . .

. . . .

6. Plaintiff's Motion for Leave to File Motion to Compel (Doc. 191) is **denied as moot**, as discussed above. Either party may file a discovery dispute motion if any discovery disputes remain after good-faith personal consultation.

Dated this 27th day of August, 2024.

_____
Honorable Rosemary Márquez
United States District Judge